IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| CENTRAL HOME CARE SERVICES, INC.; CENTRAL TEXAS HOME HEALTH SERVICES, INC.; and CENTRAL OKLAHOMA CARE AT HOME, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> MICHAEL LEAVITT, not individually, but in his capacity as Secretary of the United States Department of Health and Human Services; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; ALBERTO GONZALES, not individually, but in his capacity as Attorney General of the United States; UNITED STATES DEPARTMENT OF JUSTICE; MARK B. McCLELLAN, not individually but in his capacity as Administrator of the Centers for Medicare and Medicaid Services; CENTERS FOR MEDICARE AND MEDICAID SERVICES; and BLUE CROSS-BLUE SHIELD OF ALABAMA d/b/a CAHABA GOVERNMENT BENEFIT ADMINISTRATORS, <br><br> Defendants. | NO. 4:05-cv-00036-REL-RAW <br><br> RULING ON PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED AND SUPPLEMENTAL COMPLAINT |

The above resisted motion is before the Court [12]. Plaintiffs filed an Amended Complaint on January 31, 2005. The government responded with a motion to dismiss which remains pending. The motion to dismiss alleges a lack of subject matter

jurisdiction. Plaintiffs seek leave to amend to cure the claimed jurisdictional deficiency. The government resists on the basis that the proposed amendment would be futile and would not withstand a motion to dismiss.

Plaintiffs' motion will be granted. First, the Court is reluctant to deal with jurisdictional issues on a piecemeal basis, in the context of a motion to dismiss and a motion for leave to amend. The better course is to allow the amendment and address the jurisdictional issues by motion to dismiss or other dispositive motion.

Second, denial of leave to amend on the ground of futility is usually appropriate only if the proposed pleading is legally insufficient or frivolous on its face. See Becker v. University of Nebraska, 191 F.3d 904, 908 (8th Cir. 1999); Gamma-10 Plastics, Inc. v. American President Lines, Ltd., 32 F.3d 1244, 1255-56 (8th Cir. 1994), cert. denied, 513 U.S. 1198 (1995) (quoting Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 644 F.2d 690, 695 (8th Cir. 1981)); Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 225 (8th Cir. 1994); 6 C. Wright, A. Miller & M. Kane, Federal Practice & Procedure § 1487, at 637. The government contends plaintiffs failed to exhaust administrative remedies. The proposed amended and supplemental complaint alleges plaintiffs are excused from exhausting administrative remedies because administrative procedures would be futile. The Court finds

it cannot make a determination from the proposed pleading or present motion papers that the jurisdictional allegations in the amended and supplemental complaint are legally insufficient or frivolous on their face.

**Motion granted**.

IT IS SO ORDERED.

Dated this 17th day of May, 2005.

ROSS A. WALTERS
CHIEF UNITED STATES MAGISTRATE JUDGE